# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No: 1:21-cv-01694-NRN

JOCELYN BAILEY MESSER,

    *Plaintiff,*

v.

JEFFREY POTTER,

    *Defendant*.

## AMENDED COMPLAINT

Plaintiff Jocelyn Bailey Messer and Defendant Jeffrey Potter were in a romantic relationship for approximately two years spanning from 2018 through October 2020. During that time, Defendant Potter engaged in domestic abuse, ranging from pushing, to hitting, kicking, and strangling Plaintiff Messer. Based on these incidents, Plaintiff Messer brings claims for: 1) assault, 2) battery, 3) intentional infliction of emotional distress, and 4) false imprisonment.

### I.    PARTIES

1.    Plaintiff Jocelyn Messer is an individual resident of Colorado and was a resident of Colorado at all relevant times.

2.    Defendant Jeffrey Potter resided in Colorado during the events in question but, based on information and believe, currently resides in the State of New York.

### II.    JURISDICTION AND VENUE

3.    The Court has jurisdiction over the parties' dispute pursuant to 28 U.S.C. § 1332 because there is complete jurisdiction between the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this district because the majority of the acts and omissions giving rise to the claims took place in the State of Colorado.

### III. FACTUAL NARRATIVE

5. The parties met in October or November 2018. They began a relationship which lasted through October 2020.

6. In March 2019, Defendant Potter pushed Ms. Messer off the bed, against a door, and yelled at her.

7. In April 2019, there was another incident that involved Defendant Potter physically hurting Ms. Messer by kneeling on her chest holding her down, pushing her down a flight of stairs, ripping her hair out, and strangling her. While doing this, Defendant Potter grabbed her stomach calling Ms. Messer "fat" and a "former stripper." Ms. Messer was collecting her stuff in an attempt to leave, but Defendant Potter picked her up by the neck and threw her down on the bed. Ms. Messer got away and tried to get away, again, when Defendant Potter kicked her in the back, sending her falling down a flight of stairs.

8. On June 25, 2019, Defendant Potter began calling Ms. Messer stupid for not knowing something about a movie. Ms. Messer got upset at being called stupid so she tried to retrieve her thing to leave. In an effort to keep her from leaving, Defendant Potter kicked Ms. Messer in the back of the knees as she was walking out the door. Ms. Messer fell to the ground, suffered a bruise, and was able to get away.

9. On August 6, 2019, the parties had just returned from a trip to Montana. They were in the car together and although Defendant had promised not to drink alcohol, he had in fact drunk, and therefore Ms. Messer was left to do the entire 10 hour drive on her own. After the drive, Defendant Potter wanted Ms. Messer to leave immediately; however, Ms. Messer couldn't leave

because there were belongings they had brought back from the trip. Ms. Messer asked to sleep on the couch. Defendant Potter began insulting her, saying he thought about other women during sex, grabbing her stomach, calling her "fat" and "fake," telling her she was "poor" and "bald." Ms. Messer sat on the couch, so Defendant Potter poured a beer on her head. Ms. Messer threw the beer away from her, which led it to splash on the wall. Defendant Potter then picked Ms. Messser off the couch, put his hand around her neck strangling her, and one on her mouth. He also put his knee on her shoulder, pinning her down. Ms. Messer was scared for her life and tried to claw him off her.

10. Defendant Potter then put his other knee on Ms. Messer's arm and held it down. Ex. 1 at 9. Ms. Messer was trying to scream and Defendant Potter was pushing down harder with his hand on her mouth. Defendant Potter pushed so hard he split her lip. Ex. 1 at 5. Ms. Messer kept screaming and Defendant Potter finally let her go.

11. When Ms. Messer was up, trying to collect her things, Defendant Potter came to her in the dining rom and bit her face; Ms. Messer still has the scar from that incident. While Ms. Messer was leaving, Defendant Potter kicked her in the back of the legs, causing her to fall to the ground in gravel. Ms. Messer's knees and hands were skinned by the fall. Ex. 1 at 3. Defendant Potter then destroyed the property Ms. Messer had left behind (cutting up her clothes, throwing them away, etc.). Ms. Messer suffered extensive pain, suffering, bruising and scarring as a result of these events. Exs. 1 and 2.

12. On August 7, 2019, Defendant Potter jumped on the hood of Ms. Messer's car, spat on it, and tore off her license plate in an attempt to prevent her from leaving.

13. On August 23, 2019, Defendant Potter dragged Ms. Messer into the middle of the street and left her there, endangering her life.

14. In October 2019, Defendant Potter kicked Ms. Messer in the back of the legs, and after she fell as a result of the kick, he grabbed her ankle, flipped her, and she hit her head really hard. During a second incident that same month, Defendant Potter kicked Ms. Messer in the back of the legs again.

15. On January 2, 2020, Defendant Potter invited Ms. Messer to an Avalanche Game; he agreed not to drink but broke that promise. As soon as they arrived, Defendant Potter began drinking heavily and starting fights. He yelled, "My father has the best lawyer in New York. I'm untouchable." Ms. Messer was trying to calm Defendant Potter and distract him; she tried to call an Uber to go home. Ms. Messer had Defendant Potter's keys and didn't want him going home alone because her belongings and the dog were there. Ms. Messer was afraid he was going to harm the dog, as he had done, and/or destroy her property. Defendant Potter was not happy about this situation so he grabbed Ms. Messer and yelled at her; he then chased her out of the stadium. Ms. Messer got away, got to the house, and attempted to retrieve some items. She forgot some items at the house and Defendant Potter destroyed them.

16. When Ms. Messer attempted to break up with him, Defendant Potter threatened to distribute nude photos of her:



Ex. 6.

17.     In January 2020, Ms. Messer received a call from Defendant Potter that he had been hospitalized after jaywalking drunk across the street. Ms. Messer went to be by his side. For her efforts, Defendant Potter insulted her and spat on her, as well as on nurses. Eventually, a drug & alcohol specialist was called in and told Ms. Messer she could go home.

18.      In February 15, 2020, Defendant Potter punched a hole in the wall to scare Ms. Messer. Defendant Potter had a broken leg, and had been abusing his pain pills. Despite his injury, Defendant Potter chased Ms. Messer through the basement. Ms. Messer told him to stop because he had a broken leg; Defendant Potter grabbed at Ms. Messer and tore her sweater. Eventually, Ms. Messer gave Defendant Potter his pain medication (which he had been taking with copious amounts of alcohol). Defendant Potter came after the dog with a ceramic bowl so Ms. Messer put the dog in the car. When she came back, Defendant Potter started chasing her with the bowl as well. Ms. Messer reported the incident to Defendant's mother who agreed it was not okay for Defendant Potter to put his "hands on her."

19.     Defendant Potter would refer to these events as "psychotic fits." Ex. 7. Defendant Potter repeatedly blamed Ms. Messer for his behavior while telling Ms. Messer he wanted to "slap" her. Ex. 8. *See also* Ex. 9.

20.      In May 2020, Defendant Potter was highly intoxicated and hitting his dog. Ms. Messer recorded it and asked his parents to intervene, tearfully. Ex. 11.

21.     On April 19, 2020, Defendant Potter became enraged, yelling at Ms. Messer, and insulting her. Ms. Messer was standing between Defendant Potter and the dogs. Defendant Potter pushed Ms. Messer out of the way and onto the floor. Ms. Messer fell over. Defendant Potter went to the dog and began hitting Ms. Messer's dog, cowering, and yelling "bad dog, stupid dog." Ex.

12. Ms. Messer was cowering on the floor. Defendant Potter left the room, so Ms. Messer locked the door.

22. On June 16, 2020, Defendant Potter was yelling at Ms. Messer and calling her names. Defendant Potter was supposed to be in another residence but instead he came to where Ms. Messer was staying; Defendant Potter began threatening to kill Ms. Messer and tried to bust through the locked door to the room Ms. Messer was using to stay safe. Ex. 13.

23. In July 2020, Ms. Messer left Defendant Potter's parental home in Montana. Defendant Potter's mother accused Ms. Messer of "stealing items." Ms. Messer did no such thing. Since then, though, Defendant Potter would tell Ms. Messer that if she reported the abuse, they would report her for theft.

24. On October 21, 2020, Defendant Potter engaged in the most extended and most violent incident against Ms. Messer, leaving her covered in bruises and cuts. Ex. 4. Defendant Potter began by trying to give Ms. Messer's dog chocolate. He then grabbed two large bowls of candy and emptied them on the floor. While Ms. Messer picked up the candy, Defendant Potter threw one of them at her face, hitting her. Defendant Potter hurled insults at Ms. Messer. Defendant Potter looked like he was going to hit the dogs again, so Ms. Messer tried to step in. Defendant Potter pushed Ms. Messer to the ground, which hurt her. He then began pelting her with candy and saying hateful things. Ms. Messer was on the ground; Defendant Potter got off her and went to the living room. He then came back and kicked her in the left thigh. Ms. Messer was crying, begging him to stop. He then put both his hands on her mouth and nose. He pushed so hard against her nose so that her nose bled, and her tooth cut through her lip. Ms. Messer was crying on the floor, convulsing. Defendant Potter then pressed his hand against her face, scratching her face. Defendant Potter eventually got off Ms. Messer, who tried to run out with the dogs. However, Ms. Messer

realized she had left her laptop inside so she ran back in through the side door. Unfortunately, Defendant Potter saw her, grabbed a knife, and threatened to stab her. Defendant Potter then grabbed Ms. Messer by the neck, putting his hands around her neck, strangling her and slamming her head against the door. Ms. Messer blacked out and lost consciousness. When she came to, she ran out the front door. Defendant Potter grabbed her face again. Ms. Messer made it to her car. Defendant Potter ran to her and tried to rip off her mirror, but she got away. Ms. Messer provided a detailed account of these events in her Petitioner for Temporary Protection Order. Ex. 5.

25. Defendant Potter referred to his kicks in the back as "kicks in the butt" and found them amusing:



Ex. 10.

26. Defendant Potter has since been convicted as a result of his October 2020 behavior towards Ms. Messer as a result of his guilty plea. *People v. Potter,* 2020CR2867 (Arapahoe County Court 2020). Defendant Potter pled guilty to:

    a. Assault 2-Strangulation, a Class F4

    b. Assault 3-Know/Reckless Cause Injury, a Class M1

Defendant Potter also stipulated to a factual basis and domestic violence factual basis for the charge.

27. On November 25, 2020, Ms. Messer filed a Motion for a Temporary Protection Order for Domestic Abuse and Physical Assault. Ex. 5.

28. On December 14, 2020, the Denver County District Court issued a Temporary Protection Order against Defendant.

29. On July 9, 2021, the Denver County District Court issued a Permanent Protection Order. *Messer v. Potter,* Cause No. 2020CV34038 (Denver County District Court). This is a judicial finding that the events described in Ms. Messer's Motion for Protection Order did, in fact occur, rendering the issue of liability as to the events supporting the PPO *res judicata* for these proceedings.

## IV. CLAIMS

### Count One –
### Assault

30. Plaintiff incorporates all foregoing statements in paragraph 1 through 29 by reference as though stated herein.

31. Defendant engaged in multiple acts of assault against Plaintiff, to wit, masturbating next to her, charging at her, placing his finger in her face, and making her feel physically unsafe in the home.

32. Defendant intended to cause an offensive or harmful physical with Plaintiff or intended to place Plaintiff in apprehension of such contact.

33. Plaintiff was placed in apprehension of an imminent contact with her person by the conduct of Defendant.

34. The contact was, or appeared to be, harmful or offensive.

35. Plaintiff suffered damages as a result of Defendant's acts of assault, in the form of economic and non-economic damages, including pain and suffering.

## Count Two – Battery

36. Plaintiff incorporates all foregoing statements in paragraph 1 through 29 by reference as though stated herein.

37. Defendant committed multiple acts of battery against Plaintiff, to wit, sexual touching, unwanted physical touching, and sexual assault.

38. Defendant intended to cause harmful or offensive contract with Plaintiff, or intended to place the plaintiff in apprehension of harmful or offensive contact; and

39. A harmful or offensive contact with Plaintiff actually occurred, either directly or indirectly.

40. Plaintiff suffered damages as a result of Defendant's acts of battery, in the form of economic and non-economic damages, including pain and suffering.

## Count Three – False Imprisonment

41. Plaintiff incorporates all foregoing statements in paragraph 1 through 29 by reference as though stated herein.

42. Defendant knowingly confined or detained Ms. Messer.

43. Defendant knowingly confined or detained Ms., Messer without her consent.

44. Defendant had no legal authority to confine or detain Ms. Messer without her consent.

45. Plaintiff suffered damages as a result of Defendant's false imprisonment, in the form of economic and non-economic damages, including pain and suffering.

## Count Four – Intentional Infliction of Emotional Distress

46. Plaintiff incorporates all foregoing statements in paragraph 1 through 29 by reference as though stated herein.

47. Defendant intentionally inflicted emotional distress on Plaintiff.

48. Defendant engaged in extreme and outrageous conduct.

49. Defendant engaged in that conduct recklessly or with the intent to cause Plaintiff severe emotional distress.

50. Plaintiff suffered severe emotional distress as a result of these actions in the form of economic and non-economic damages, including pain and suffering.

## V. JURY DEMAND

51. Plaintiff hereby demands trial by jury on all claims made in this Petition and all amendments thereto.

## VI. PRAYER FOR RELIEF

52. Plaintiff hereby respectfully asks that the Court find as follows:

   a. Against Defendant on all counts;

   b. Award no less than $1,250,000 in non-economic damages, including pain and suffering, and for the permanent disfigurement caused by the scar on Ms. Messer's face;

   c. Award economic damages;

   d. Award punitive damages; and e.

   Award fees and costs.

                                                Respectfully Submitted,

                                                */s/ Maria-Vittoria G. Carminati*
                                                Maria-Vittoria G. Carminati
                                                CARMINATI LAW PLLC
                                                1312 17th Street, Unit 2010

Denver, CO 80303  
Email: giugi@carminatilaw.com  
Phone: 281.685.7762  
*Counsel for Plaintiff*